UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK L. MORRIS,

   Plaintiff,

  v.

JOE McGRATH, warden; et al.,

   Defendants.
              /

No. C 06-5015 SI (pr)

**ORDER**

### INTRODUCTION

Jack L. Morris, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Jack L. Morris complains of a failure by prison staff to provide medically necessary footwear and treatment for his feet. The complaint alleges that Morris has been diagnosed as having a condition called "claw-toe," a condition he describes as "where the tendons on the feet are shorter than normal resulting in the toes being pulled back and up." Complaint, p. 3. As a result, extra-depth, all leather tennis shoes have been issued to him in prison from time to time. When his special shoes wore out, Morris began his long process of attempting to obtain new special shoes starting in October 2003. He apparently had not received such special shoes before February 2005. (He alleges that he was told in February 2005 that the shoes had arrived at the

1  prison, although he did not allege whether he actually received them at that time)  Morris
2  complained frequently and to many members of the medical and custodial staff at Pelican Bay
3  about his lack of special shoes and the bleeding, cuts and pain he experienced from wearing
4  regular tennis shoes.

5  This is Morris' second case concerning his foot care and footwear.  His earlier action,
6  Morris v. McGrath, Case No. C 04-3142 SI, was dismissed without prejudice because he failed
7  to exhaust administrative remedies before filing the complaint in that action.

## DISCUSSION

### A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Constitution does not mandate comfortable prisons and jails, but neither does it permit inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the

prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. at 847.

Liberally construed, the allegations of the complaint adequately plead a claim for relief under § 1983 against the twenty-four individual defendants who allegedly failed to respond favorably to Morris' requests for special shoes and for attention to his bleeding and cut feet. The complaint does not, however, state a claim against the director of the California Department of Corrections, J.S. Woodford and she is now dismissed from this action.

B.    Motion For Appointment of Counsel

Morris has filed a motion for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The motion for appointment of counsel is denied.

**CONCLUSION**

For the foregoing reasons,

1.    Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 against the defendants named on page 3 of his complaint except for defendant J. S. Woodford. Defendant

3

1  Woodford is dismissed from this action.

2      2.    In light of the administrative burden on the court's clerical staff that would be caused by photocopying due to the unusually large number of defendants, the length of the complaint and the numerous exhibits thereto, plaintiff will be required to supply the court with the copies necessary for service of process. Plaintiff must make 24 copies of the complaint and all exhibits thereto for service of process on the 24 individuals named as defendants. Plaintiff must submit those copies to the court no later than **February 23, 2007**, so that the court may provide them to the Marshal for service of process. Failure to submit the copies will result in the dismissal of this action.

    3.    Plaintiff must also provide by **February 23, 2007** a list showing where each named defendant may be served with process at this time. Any defendant who cannot be served at the address provided by plaintiff will be dismissed.

    4.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    5.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

    6.    Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

Dated: December 5, 2006

                              _____
                              SUSAN ILLSTON
                              United States District Judge