**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK L. MORRIS,<br><br>             Plaintiff,<br><br>      v.<br><br>JOE McGRATH, warden; et al.,<br><br>             Defendants.<br>                                                              / | No. C 06-5015 SI (pr)<br><br>**ORDER RE. SERVICE OF PROCESS AND FOR SCHEDULING** |

The court earlier determined that plaintiff's complaint stated a claim for relief under 42 U.S.C. § 1983 against the 24 defendants named on page 3 of his complaint and dismissed defendant J. S. Woodford. Order Of Service, pp. 3-4. The court ordered plaintiff to make copies of his lengthy complaint and exhibits for service of process by the U.S. Marshal. Plaintiff has provided the copies to the court. The court also ordered plaintiff to provide a list showing where each named defendant could be served with process at this time, cautioning him that "[a]ny defendant who cannot be served at the address provided by plaintiff will be dismissed." Id. at 4. Plaintiff did not provide a list and instead filed a motion to compel discovery for purpose of service.

In his motion to compel, plaintiff stated that he had unsuccessfully attempted to obtain the addresses for service of process from the litigation coordinator and the law librarian. Eventually, the Pelican Bay litigation coordinator wrote to plaintiff: "You will need to submit the lawsuit with named defendants to the United States Marshals Office, at which point we may then accept service of named defendants who are currently employed at Pelican Bay State Prison." Motion, Exh. C. In his motion, plaintiff moves the court to order defendants to provide

the names and addresses of the defendants named in this action as well as the social security numbers and driver's license numbers of former employees so the Marshal can locate those persons.

The motion to compel is DENIED. (Docket # 9.) No defendants have appeared in this action, so there is no party now before the court to be compelled. Not only is the motion premature because no defendant has yet been served, it is also premature as a discovery motion. The court does not issue orders compelling discovery unless and until there has been an inadequate response to a properly served discovery request and the moving party has made a good faith effort to meet and confer to resolve the discovery dispute. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Plaintiff should be aware of this because the court informed him of this requirement in his last action. See Order signed March 31, 2006 in Morris v. McGrath, C 04-3142 SI.

The court will not order the Marshal to investigate and locate the persons the court already told plaintiff to find. Instead, the court will have the Marshal attempt to serve the 24 defendants at Pelican Bay, as the letter attached to the motion indicates that should suffice to effect service on persons who are still employed at Pelican Bay. The court will not further investigate or order the Marshal to investigate the location of defendants who are no longer employed at Pelican Bay.

In order to expedite the resolution of this case, the court now directs service and sets a briefing schedule for dispositive motions.

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and exhibits thereto, a copy of this order, and a copy of the December 5, 2006 order on each of the 24 defendants named on page 3 of the complaint. The clerk shall list Pelican Bay State Prison as the business address for service of each defendant.

2. No later than **June 29, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

3. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 3, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

4. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 17, 2007**.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

IT IS SO ORDERED.

Dated: April 12, 2007

_____
SUSAN ILLSTON
United States District Judge