UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK L. MORRIS,

    Plaintiff,

    v.

JOE McGRATH, warden; et al.,

    Defendants.
                              /

No. C 06-5015 SI (pr)

**ORDER REGARDING DISCOVERY AND RE-SETTING DISPOSITIVE MOTION SCHEDULE**

    Plaintiff sent to the court a motion for a discovery scheduling order and for a case management conference. The motion is GRANTED in part. (Docket # 23.) The court now orders that discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery. The court denies the motion insofar as it seeks a case management conference because a case management conference is unnecessary at this point in the action.

    Plaintiff sent to the court one subpoena and also requested that the clerk issue several subpoenas in blank. The subpoena plaintiff submitted is defective and will not be issued. The subpoena was sent to the court on June 24, 2007 and called for a production of documents on June 24, 2007. It should be obvious to the plaintiff that such a subpoena could never be complied with, as it wouldn't be served until long after the date it set for production. The other problem is that the subpoena requests information rather than documents, yet it purports to be a records-only subpoena. Plaintiff requested the subpoenaed party to collect information and provide it to him, i.e., the "present and last known forwarding business addresses of all

defendants in this action." Plaintiff either needs to subpoena existing documents in a records-only subpoena, or subpoena a live person to answer questions in a deposition (for which he must pay the costs and witness fees). Plaintiff also has requested that several subpoenas be issued in blank. The court directs the clerk to mail to plaintiff seven blank subpoenas. Plaintiff should fill them out and return them to the clerk to have them issued. The court notes that thirteen of the defendants have now appeared in this action. As to those defendants, plaintiff no longer needs to try to learn their addresses for purposes of service of process.

In light of the fact that all the defendants have not yet been served, the court will re-set the briefing schedule to give an opportunity for all the defendants to be served with process. The briefing schedule set in the June 20, 2007 Order Extending Deadlines is now vacated and reset as follows for dispositive motions from all defendants:

1. Defendants must file and serve their dispositive motion no later than **November 2, 2007**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **December 7, 2007**.

3. Defendants must file and serve their reply brief, if any, no later than **December 21, 2007**.

IT IS SO ORDERED.

Dated: 7/30/07 _____ _____
SUSAN ILLSTON
United States District Judge