UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK L. MORRIS,

      Plaintiff,

v.

JOE McGRATH, warden; et al.,

      Defendants.
                                         /

No. C 06-5015 SI (pr)

**ORDER**

This is a civil rights action brought under 42 U.S.C. § 1983 by a pro se prisoner who complains of the response of officials at Pelican Bay State Prison to his claw toe problems and need for special shoes. The action is before the court for consideration of numerous motions.

A.    Defendants' Motion To Dismiss

Defendants have moved to dismiss under Rule 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief may be granted and that they are entitled to qualified immunity.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted."  A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions

of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).

The motion seeks to have the court revisit a decision already made, as the court had decided that the complaint did state a claim upon which relief may be granted. In December 2006, the court did an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." The court identified the legal standards for deliberate indifference to medical needs and determined that, "[l]iberally construed, the allegations of the complaint adequately plead a claim for relief under § 1983 against the twenty-four individual defendants who allegedly failed to respond favorably to Morris' requests for special shoes and for attention to his bleeding and cut feet." Dec. 5, 2006 Order, pp. 2-3. (The order also dismissed one defendant because the complaint did not state a claim against her.)

To seek reconsideration of an interlocutory order, such as the decision in the December 5, 2006 order with regard to whether the complaint stated a claim upon which relief may be granted, defendants had to comply with Local Rule 7-9(a). They did not. They did not obtain leave of court to file a motion for reconsideration, and made no argument in their brief that would suggest that they could pass the test for such permission. That is, they did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, defendants would have the problem that a pleading challenge following a § 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed and the Ninth Circuit's continued use

2

of the "no set of facts" standard for evaluating those complaints, notwithstanding the Supreme Court's apparent abandonment of that standard in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. at 1968-69. <u>See</u> <u>Barrett v. Belleque</u>, No. 06-35667, slip op. 13347, 13350 (9th Cir. Sept. 22, 2008) (per curiam) ("'<u>Pro se</u> complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

With respect to defendants' argument that they are entitled to dismissal on the ground of qualified immunity, the analysis is a bit different. That part of the motion is not actually requesting reconsideration of the December 5, 2006 order because the court had no occasion in the initial review to determine whether an affirmative defense existed. However, the determination in 2006 that the complaint adequately pled a claim for relief for deliberate indifference to plaintiff's medical needs leads to rejection of the present qualified immunity argument because that argument depends on accepting the defendants' assertions that they "were not deliberately indifferent to Plaintiff's medical condition," "[e]ach individual defendant acted in a manner that was intended to treat Plaintiff and procure appropriate shoes for him," and that their behavior did not appear unlawful to a reasonable officer because they acted reasonably to try to help plaintiff. Motion to Dismiss, p. 18.

In light of the court's earlier determination that the complaint did state a claim upon which relief may be granted, and defendants' failure to obtain leave of court to have that determination reconsidered, defendants' motion to dismiss is DENIED. (Docket # 57.)

Defendants' motion for an extension of time to file their reply in support of the motion to dismiss is GRANTED. (Docket # 63.) The reply brief filed October 3, 2008 is deemed timely.

B.   <u>Motion To Stay Discovery</u>

Defendants moved to stay discovery pending a ruling on their motion to dismiss that raised the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is

settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The motion is GRANTED. (Docket # 59.) Discovery would be stayed for the time the motion to dismiss was pending, but now that the court has ruled upon the motion to dismiss, a stay is no longer needed. Defendants have an additional thirty days from the date of this order to respond to any outstanding discovery requests.

C.     Motion For Funds

Plaintiff filed a motion for funds to obtain a copy of the transcript of his deposition taken by defendants. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). The plain language of 28 U.S.C. § 1915, the in forma pauperis statute, does not authorize the district court to cause the payment of the cost of a deposition transcript for a pauper-plaintiff. Also, the court is unaware of any authority to require a private court reporter to subsidize the cost of a deponent's litigation efforts. The motion for funds therefore is DENIED. (Docket # 62.) However, if defendants file a motion and rely on any part of the plaintiff's deposition as evidence for their motion, they must at that time file (and serve on plaintiff) a copy of the entire transcript of that deposition.

D.     Motion For Appointment Of Counsel

Plaintiff's second motion for appointment of counsel is DENIED for the same reasons stated in the December 5, 2006 order denying his first motion for appointment of counsel. (Docket # 67.)

E.     Miscellaneous And Scheduling Matters

In its December 5, 2006 order, the court ordered plaintiff to provide by February 23, 2007 a list showing where each named defendant may be served with process at this time and

4

informed him that "[a]ny defendant who cannot be served at the address provided by plaintiff will be dismissed." Dec. 5, 2006 Order, p. 4. That deadline was never changed. Further, it has now been more than two years since this action was filed and plaintiff never provided the information necessary to serve defendants Thacker, Allway, Brous, Snider, Jonses and CapD, or showed good cause for not doing so. All unserved defendants are now DISMISSED without prejudice. See Fed. R. Civ. P. 4(m).

The court now sets the following briefing schedule for dispositive motions.

1. Defendants must file and serve their dispositive motion no later than **January 16, 2009**. If defendants do not intend to file a dispositive motion, they must notify the court by that deadline.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **February 20, 2009**. Plaintiff is reminded that he must comply with the page limits on briefing: an opposition brief may not exceed 25 pages.

3. Defendants must file and serve their reply brief, if any, no later than **March 13, 2009**.

IT IS SO ORDERED.

Dated: November 10, 2008


SUSAN ILLSTON
United States District Judge