UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK L. MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE McGRATH; et al.,<br><br>    Defendants.<br>_____ / | No. C 06-5015 SI (pr)<br><br>**ORDER PERMITTING MOTION FOR RECONSIDERATION AND VACATING REFERRAL TO PRISONER MEDIATION PROGRAM** |

On September 9, 2009, the court granted the defense motion for summary judgment in favor of all but two of the moving defendants. The motion was denied as to defendants Dr. Winslow and nurse practitioner Risenhoover because there were triable issues of fact as to both prongs of plaintiff's Eighth Amendment claim against them. Defendants Winslow and Risenhoover now move for leave to file a motion for reconsideration of that order, arguing that the court failed to address their dispositive argument that they were entitled to qualified immunity. The court did reject the qualified immunity defense for these two defendants, but did so summarily. See Sept. 9, 2009 Order, p. 17.

Defendants' motion for leave to file a motion for reconsideration raises an interesting and potentially meritorious point about their entitlement to summary judgment as a matter of law on the qualified immunity defense. They point to the court's determination that it was a close call on the objective prong of the Eighth Amendment claim – i.e., it was a close call whether the need for special shoes to accommodate claw toes was a serious medical need and it was an even closer call whether the cuts and abrasions not larger than a half-inch in size on the claw toes were serious medical needs – and urge that it could not have been clear to them that their

1 conduct might constitute deliberate indifference to an alleged serious medical need. Having
2 considered their motion and reflected on Estate of Ford v. Caden, 301 F.3d 1043, 1053 (9th Cir.
3 2002), the court concludes that defendants have met the burden for obtaining leave to file a
4 motion for reconsideration, as they have shown that there was a manifest failure to consider a
5 dispositive legal argument. See N. D. Cal. Local Rule 7-9(b)(3). The motion for leave to file
6 a motion for reconsideration is GRANTED. (Docket # 113.) The court will entertain a motion
7 to reconsider the September 9, 2009 order only insofar as it denies summary judgment on the
8 qualified immunity defense for defendants Risenhoover and Winslow.

9 Defendants must file and serve their motion for reconsideration on or before **October 4,**
10 **2009**. Plaintiff must file and serve his opposition to the motion for reconsideration on or before
11 **October 29, 2009.** Defendants must file and serve their reply, if any, in support of the motion
12 for reconsideration no later than **November 12, 2009.** Defendants must send to plaintiff with
13 their motion a copy of each case cited in their motion and Estate of Ford, so that he will be able
14 to file any opposition in a timely fashion. In light of the narrowness of the issue, the court limits
15 the length of the briefs to ten pages for the motion, ten pages for the opposition, and six pages
16 for the reply.

17 Due to the need for reconsideration, the court vacates the referral to the Pro Se Prisoner
18 Mediation Program, the October 3, 2009 deadline for defendants to file an answer, and the
19 November 3, 2009 discovery cut-off. However, the case management conference will remain
20 on calendar so that this case may move forward expeditiously if the motion for reconsideration
21 is denied. Case management conference statements must be filed and served by **December 4,**
22 **2009**, and a telephonic case management conference will be held at **3:00 p.m.** on **December 16,**
23 **2009**.

24 IT IS SO ORDERED.
25 Dated: September 23, 2009

_____
SUSAN ILLSTON
United States District Judge

2